**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| JUDICIAL WATCH, INC., | ) | |
| 425 Third Street SW, Suite 800 | ) | |
| Washington, DC 20024, | ) | |
|  | ) | |
| Plaintiff, | ) | Civil Action No. |
|  | ) | |
| v. | ) | |
|  | ) | |
| U.S. DEPARTMENT OF JUSTICE, | ) | |
| 950 Pennsylvania Avenue NW | ) | |
| Washington, DC 20530, | ) | |
|  | ) | |
| Defendant. | ) | |
| _____) | | |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, integrity, and accountability in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes the

agencies' responses and disseminates both its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of Justice is an agency of the U.S. Government and is headquartered at 950 Pennsylvania Avenue NW, Washington, DC 20530.  Defendant DOJ has possession, custody, and control of public records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On May 9, 2025, Plaintiff submitted a FOIA request via email to the Office of Information Policy (OIP) at the Department of Justice, seeking access to:

> Records about the Arctic Frost (alleged election interference investigation) and the Mar-a-Largo classified document investigation of Donald J. Trump by Special Counsel Jack Smith.
>
> Specifically, this request includes all communication between or among all DOJ employees listed in (paragraph A) and FBI, White House and NARA personnel listed in subsequent paragraphs B, C and D.
>
> **A.   Department of Justice Personnel**
>
> 1. Merrick Garland, Attorney General
> 2. Matt Klapper, Chief of Staff and Senior Counselor to the Attorney General
> 3. Lisa Monaco, Deputy Attorney General
> 4. Andrew Joseph Bruck, Chief of Staff to the Deputy Attorney General and Associate Deputy Attorney General
> 5. George Toscas, Deputy Assistant Attorney General
> 6. Carlos Uriarte, Assistant Attorney General
> 7. Matt Olsen, Assistant Attorney General for National Security
> 8. Sarah Zdeb, Deputy Assistant Attorney General
> 9. Matthew Hanson, Deputy Assistant Attorney General
> 10. Ted Schroeder, Deputy Assistant Attorney General
> 11. Keighle Joyce, Senior Counsel
> 12. John D. Crabb, Criminal Division Chief, U.S. Attorney's Office – DC
> 13. Matthew Burke, Assistant U.S. Attorney, U.S. Attorney's Office – DC
> 14. Markenzy Lapointe, United States Attorney for the Southern District of Florida
> 15. Michael Porter, Assistant U.S. Attorney for the Southern District of Florida
> 16. Jack Smith, Special Counsel
> 17. J.P. Cooney, Deputy Special Counsel to the Office of Special Counsel

2

18. Jay Bratt, Counsel to the Special Counsel
19. Thomas Windom, Senior Assistant Special Counsel to the Office of Special Counsel
20. David Harbach, Assistant Special Counsel for the Office of the Special Counsel
21. Julie Edelstein, Senior Assistant Special Counsel to the Office of Special Counsel
22. Karen Gilbert, Assistant Special Counsel to the Office of Special Counsel
23. Brett Reynolds, Assistant Special Counsel to the Office of Special Counsel
24. Michael Thakur, Assistant Special Counsel to the Office of Special Counsel
25. John Pellettieri, Assistant Special Counsel to the Office of Special Counsel
26. David Raskin, Assistant Special Counsel to the Office of Special Counsel
27. Anne McNamara, Assistant Special Counsel to the Office of Special Counsel
28. Cecil VanDevender, Assistant Special Counsel to the Office of Special Counsel
29. Elizabeth Shapiro, Assistant Special Counsel to the Office of Special Counsel

**B.   FBI Personnel**

1. Christopher Wray, Director, FBI
2. Paul Abbate, Deputy Director, FBI
3. Steven D'Antuono, Assistant Director in Charge, FBI-WFO
4. Allison Lawter, Chief Division Counsel, FBI-WFO
5. Timothy Thibault, Assistant Special Agent in Charge, FBI-WFO
6. Blaire Toleman, Supervisory Special Agent, FBI-WFO
7. Daniel Mehochko, Special Agent, FBI-WFO
8. Jamie Garman, Special Agent, FBI-WFO
9. Michelle Ball, Special Agent, FBI-WFO
10. Walter Giardina, Special Agent, FBI-WFO
11. Katherine Pattillo, Special Agent, FBI-WFO
12. Patrick Findlay, Assistant Director, Congressional Affairs
13. Christopher Dunham, Acting Assistant Director, Congressional Affairs

**C.   White House Personnel:**

1. Ron Klain, Chief of Staff
2. Jeff Zients, Chief of Staff
3. Jennifer O'Malley Dillon, Deputy Chief of Staff for Operations
4. Anne Tomasini, Deputy Chief of Staff for Operations
5. Bruce Reed, Deputy Chief of Staff for Policy
6. Natalie Quillian, Deputy Chief of Staff for Implementation

7. Dana Remus, White House Counsel
8. Jonathan Su, Deputy White House Counsel
9. Caroline McKay, Chief of Staff for White House Counsel and Deputy Associate Counsel
10. Caroline Saba, Deputy Chief of Staff for the White House Counsel
11. Louisa Terrell, Director, White House Legislative Affairs
12. Shuwanza Goff, Director, White House Legislative Affairs

**D. NARA Personnel**

1. David Ferriero, Archivist, NARA
2. Debra Wall, Acting Archivist, NARA
3. Colleen Shogan, Archivist, NARA
4. William Bosanko, Chief Operating Officer, Deputy Archivist, NARA
5. Gary Stern, NARA General Counsel
6. David Berry, Special Agent, NARA OIG
7. David Stupar, Special Agent, NARA OIG

The timeframe for the requested records was identified as January 21, 2021, to present.

6. By letter dated June 5, 2025, Defendant's OIP acknowledged receiving Plaintiff's request on "May 5, 2025" [sic]. Plaintiff believes Defendant meant to say they received it May 9, 2025, the same day it was sent. Defendant's OIP notified Plaintiff that the request had been assigned tracking number FOIA-2025-04327.

7. In the same June 5, 2025 letter mentioned above, Defendant notified Plaintiff of the need to extend the time to respond to the request due to "unusual circumstances" pursuant to 5 U.S.C. § 552 (a)(6)(B)(i)-(iii).

8. Plaintiff has received no further communication from the Defendant regarding the request.

9. As of the date of this Complaint, the Defendant has failed to (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records it intends to produce or

withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

10. Plaintiff realleges paragraphs 1 through 9 as if fully stated herein.

11. Defendant is in violation of FOIA.

12. Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

13. Plaintiff has no adequate remedy at law.

14. To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a final determination on Plaintiff's request on or about June 23, 2025. Because Defendant failed to make a final determination on Plaintiff's request within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to the request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to the request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: July 8, 2025

Respectfully submitted,

*/s/ Christina Bobb*
CHRISTINA BOBB
D.C. Bar No. 90021326
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Tel:     (202) 646-5172
Email: cbobb@judicialwatch.org

*Counsel for Plaintiff*